OPINION *Page 2 
{¶ 1} This appeal arises from the modification of a child support order in the Harrison County Court of Common Pleas. Appellant, Angela M. Currence, nka Angela Rhodes, takes issue with the trial court's decision to permit Appellee, Jeffrey L. Currence, as the non-custodial parent, to claim the parties' three minor children for tax exemption purposes. She alleges that the trial court lacked sufficient evidence to find that the decision was in the best interest of the children. However, a review of the trial court's analysis reveals that it found a significant net increase in tax savings if Appellee claimed all three children. This tax savings would further enable Appellee to satisfy his support obligation and to contribute to the children's health insurance premiums. Appellant admits that she has realized an approximate $400 annual increase in the child support she receives. Accordingly, the trial court did not abuse its discretion and we affirm the decision in full.
 FACTS AND PROCEDURAL HISTORY {¶ 2} The parties were divorced in 1997. Appellee was originally granted custody of the parties' three minor children. Custody was subsequently changed and Appellant has been the children's residential parent since sometime in the year 2000.
 {¶ 3} On March 10, 2006, Appellant filed a request with the trial court asking it to re-determine child support for the three minor children based on Appellee's change in employment. She also sought a determination as to whether health insurance was available through Appellee's new employer. (March 10, 2006, Motion for Court to Redetermine Child Support.) *Page 3 
 {¶ 4} In response, the trial court ordered the Harrison County Child Support Enforcement Agency to conduct an investigation and to provide the court with the appropriate information. The trial court held a hearing on Appellant's request on April 27, 2006.
 {¶ 5} At the April 27, 2006, hearing Appellee testified that health insurance was unavailable from his employer. He stated that he usually works four days per week and that he has not searched for a job with health benefits since securing a new job is difficult with his background as a convicted sex offender. Appellee also asked the trial court for a deviation from his support obligation based on his diabetes-related medical expenses. Appellee indicated that he would be unable to make ends meet without a deviation. (April 27, 2006, Tr., p. 8.)
 {¶ 6} Appellee also testified that he claimed the parties' three minor children for tax purposes in 2005, but that the exemption for 2006 may be different since he was laid off for six weeks and was behind in his support payments. (April 27, 2006, Tr., p. 13.)
 {¶ 7} Appellant testified that she maintains health insurance for herself, the parties' three children, and her new husband's two children at a cost of $83 per week. This amounts to $4,316 per year. (April 27, 2006, Tr., pp. 20-21.)
 {¶ 8} The trial court subsequently issued its August 24, 2006, Judgment Entry on which Appellant bases her current appeal. The court found that Appellee earned approximately $19,310 per year for child support purposes because $3,500 of his $23,005 annual income was unavailable since it was used to satisfy his medical *Page 4 
expenses and taxes related to his diabetes. Appellant earned $13,624 per year. The court also found that Appellant paid the children's medical insurance premiums at the cost of $83 per week or about $4,000 per year. It apportioned $2,400 of the total premium as the expense for the parties' three children, and it held that the apportionment of the medical insurance costs and Appellee's deviation were in the best interest of the children. (Aug. 24, 2006, Judgment Entry, p. 2-3, Exh. A.)
 {¶ 9} The trial court determined that Appellant's maximum tax savings with the tax dependency exemptions was $626; whereas Appellee could realize a $3,538 tax savings if he claimed all three children. Thus, the court determined, "it makes sense to allow [Appellee] to claim the children as dependents in order to realize the maximum tax savings in order to make additional funds available for child support." The court specifically noted that Appellee's contribution to the children's health care insurance was only feasible through this additional tax savings. (Aug. 24, 2006, Judgment Entry, p. 3, ¶ J-N.)
 {¶ 10} The trial court ordered Appellee to pay $597.75 plus processing per month in child support and an additional $35 plus processing per month towards his accumulated arrearage. (Aug. 24, 2006, Judgment Entry, p. 4, ¶ 1.) The order allowed Appellee to claim the parties' three minor children beginning with tax year 2006 for federal, state, and local tax purposes, "so long as he remains in substantial compliance with his child support obligation." (Aug. 24, 2006, Judgment Entry, p. 7, ¶ 9.) *Page 5 
 {¶ 11} Appellant timely appealed the August 24, 2006, decision, asserting that the trial court lacked sufficient evidence to find that the modification was in the best interest of the children. She asks us to reverse the trial court's decision and allow her, as the residential parent, to retain the tax exemption. Appellee has not filed a responsive brief.
 {¶ 12} We review child support issues under an abuse of discretion standard. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390,686 N.E.2d 1108, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028. An abuse of discretion is more than an error of judgment. It reflects that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. Further, an appellate court should not substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 13} Appellant argues in part that this issue should be analyzed pursuant to the federal tax code, and specifically § 152 Title 20 of the U.S. Code. Contrary to her argument, however, in allocating child support Ohio courts are not required to address federal tax provisions. Instead, R.C. 3119.82, entitled "[designation of parent entitled to claim federal income tax deduction," governs. It states in part,
 {¶ 14} "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the `Internal Revenue *Page 6 
Code of 1986,' 100 Stat. 2085, 26 U.S.C. 1, as amended. * * * If the parties do not agree [on which parent should claim the children as dependents], the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determinesthat this furthers the best interest of the children and, with respectto orders the court modifies, reviews, or reconsiders, the payments forchild support are substantially current as ordered by the court for theyear in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children." (Emphasis added.)
 {¶ 15} Further, R.C. 3119.02 states in part,
 {¶ 16} "In any action in which a court child support order is issued or modified, * * *, the court or agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code. The court or agency shall specify the support obligation as a monthly amount due and shall order the support obligation to be paid in periodic increments as it determines to be in the best interest of the children. * * *" *Page 7 
 {¶ 17} The Ohio Supreme Court in Marker v. Grimm (1992),65 Ohio St.3d 139, 601 N.E.2d 496, ruled that a child support computation worksheet used by a trial court in calculating the amount of a child support obligation must be completed and made part of the record. As such, a trial court is required to prepare and assess the child support calculation worksheet in deciding to modify a child support order.
 {¶ 18} In Singer v. Dickinson (1992), 63 Ohio St.3d 408,588 N.E.2d 806, the Ohio Supreme Court analyzed whether the federal tax exemption for a minor child can be allocated to a nonresidential parent. It held that federal law does not limit a state court's ability to allocate the exemption to the nonresidential parent. Id. at 411, 413. Singer also stressed that the allocation of the exemption impacts the support of the child, and explained when the exemption may be granted to the nonresidential parent:
 {¶ 19} "The allocation of the [federal] dependency exemption * * * may be awarded to the noncustodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interest of the child. * * * In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." (Citations omitted.) Id. at 415-416.
 {¶ 20} In Yasinow v. Yasinow, 8th Dist. No. 86467, 2006-Ohio-1355, the court of appeals upheld the trial court's award of income tax dependency exemptions for *Page 8 
the parties' two children to the nonresidential parent. It found no abuse of discretion since the exemptions would produce a greater tax savings for the nonresidential parent. Id. at ¶ 51.
 {¶ 21} In In re Criner (Aug. 27, 2001), 7th Dist. No. 99 BA 57, we found that the trial court had not abused its discretion by awarding the dependency exemption to the residential parent. The nonresidential father earned an annual income of $37,188; whereas the residential mother's income was $33,064.63. In analyzing this issue, we rejected the argument that the father should have received the exemption because he earned more and paid more than half of the child's support. Id. at 2. We emphasized that there was nothing in evidence establishing that an award of the dependency exemption to the nonresidential father would have resulted in a net tax savings. Id. at 3. Thus, there was no abuse of discretion.
 {¶ 22} Appellant alleges in this case that there was insufficient evidence for the trial court to conclude that transferring the tax exemption to Appellee was in the best interest of their children. She claims there was no evidence demonstrating the potential tax savings if Appellee was granted the tax exemptions. She also claims that the trial court's exhibits A and B, attached to its August 24, 2006, Judgment Entry, were not in evidence. Exhibit A is a completed child support calculation worksheet; Exhibit B is a summary of the parties' 2006 taxes. As set forth previously, however, a child support computation worksheet used by a trial court in calculating the amount of a child support obligation must be made part of the record. Marker, supra,65 Ohio St.3d 139, 601 N.E.2d 496. *Page 9 
 {¶ 23} Contrary to Appellant's argument, the trial court analyzed the potential tax savings of each party and concluded that Appellee could realize the maximum benefit of the exemptions. The trial court found that Appellee's use of the exemptions would better enable him to satisfy his support obligation and contribute to the children's health insurance. In addition, Appellant acknowledges in her brief on appeal that she has realized a net gain in child support of approximately $400 per year based on her loss of roughly $650 in tax savings subtracted from the approximate $1,000 increase in Appellee's annual child support obligation. Any increase in the amount of the children's support, though arguably small, is in their best interest.
 {¶ 24} In conclusion, the trial court did not abuse its discretion by awarding the dependency exemptions to Appellee. It determined that the modification was in the best interest of the children pursuant to R.C.3119.82, and the evidence supports its decision. Accordingly, Appellant's sole assignment of error lacks merit and is overruled. The judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1